AS YOU HAVE REQUESTED, I HAVE REVIEWED THE PERTINENT PROVISIONS OF LAW CONCERNING EMPLOYMENT BY THE STATE OF A FORMER MEMBER OF THE OKLAHOMA LEGISLATURE. THE GOVERNING CONSTITUTIONAL PROVISION IS ARTICLE V, SECTION 23, WHICH PROVIDES:
 "NO MEMBER OF THE LEGISLATURE SHALL, DURING THE TERM FOR WHICH HE WAS ELECTED, BE APPOINTED OR ELECTED TO ANY OFFICE OR COMMISSION IN THE STATE, WHICH SHALL HAVE BEEN CREATED, OR THE EMOLUMENTS OF WHICH SHALL HAVE BEEN INCREASED, DURING HIS TERM OF OFFICE, NOR SHALL ANY MEMBER RECEIVE ANY APPOINTMENT FROM THE GOVERNOR, THE GOVERNOR AND SENATE, OR FROM THE LEGISLATURE, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, NOR SHALL ANY MEMBER. DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, OR WITHIN TWO YEARS THEREAFTER, BE INTERESTED. DIRECTLY OR INDIRECTLY. IN ANY CONTRACT WITH THE STATE. OR ANY COUNTY OR OTHER SUBDIVISION THEREOF, AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED." (EMPHASIS ADDED.)
I AM ENCLOSING A COPY OF A.G. OPIN. NO. 87-040, WHICH DISCUSSES IN GREATER DETAIL THE PROHIBITIONS CONTAINED IN THE EMPHASIZED PORTION OF THE ABOVE CONSTITUTIONAL PROVISION. BASICALLY, HOWEVER, THE PROHIBITION CAN BE SUMMARIZED AS INCLUDING THREE ELEMENTS, ALL OF WHICH MUST BE PRESENT FOR A VIOLATION OF THE CONSTITUTIONAL PROVISION TO OCCUR: (1) A DIRECT OR INDIRECT INTEREST IN A CONTRACT WITH THE STATE OR A POLITICAL SUBDIVISION; (2) DURING THE TERM FOR WHICH THE LEGISLATOR WAS ELECTED OR FOR TWO YEARS THEREAFTER; AND (3) AUTHORIZED EITHER BY ENACTMENT OF LEGISLATION OR BY APPROPRIATION.
EMPLOYMENT BY A STATE AGENCY WOULD CLEARLY BE AN INTEREST IN A CONTRACT WHICH WOULD BE INCLUDED IN THE FIRST ELEMENT OF THE PROHIBITION LISTED ABOVE. WITH RESPECT TO THE SECOND ELEMENT, REGARDLESS OF WHETHER THE LEGISLATOR SERVED HIS FULL TERM, LEGISLATION ENACTED DURING THE TERM "FOR WHICH HE WAS ELECTED" WHICH AUTHORIZED THE CONTRACT IN QUESTION, WOULD BE THE FOCUS OF ANY INQUIRY.
THE ISSUE IN THIS PARTICULAR CASE IS THUS NARROWED TO WHETHER THE THIRD ELEMENT, CONCERNING LEGISLATIVE AUTHORIZATION OF THE CONTRACT, IS ALSO MET, THEREBY MAKING THE PROPOSED EMPLOYMENT CONTRACT VOID. I AM UNAWARE, AND DO NOT ADDRESS, WHETHER STATUTES HAVE BEEN ENACTED RELATING TO THE POTENTIAL EMPLOYMENT SITUATION WE HAVE DISCUSSED. CLEARLY, STATE APPROPRIATED MONEY GOING DIRECTLY TO A STATE AGENCY MAY NOT BE USED TO FUND THE EMPLOYMENT CONTRACT. IN OUR CONVERSATION, HOWEVER, WE DISCUSSED THE POSSIBLE USE OF FEDERAL FUNDS, OR OF FUNDS PAID BY A POLITICAL SUBDIVISION TO THE EMPLOYING STATE AGENCY FOR SERVICES RENDERED BY THAT AGENCY TO THE SUBDIVISION.
IN THE PAST, THE USE OF FEDERAL MONIES TO FUND AN EMPLOYMENT CONTRACT OF THIS NATURE HAS NOT BEEN QUESTIONED. THE QUESTION OF USE OF POLITICAL SUBDIVISION MONIES TO FUND A STATE EMPLOYMENT CONTRACT, HOWEVER, HAS NOT, TO MY KNOWLEDGE, BEEN ADDRESSED. ON THE ONE HAND, IT IS FAIRLY CLEAR THAT STATE APPROPRIATED MONIES IN THE HANDS OF POLITICAL SUBDIVISIONS, IF USED TO PAY FEES OWED TO THE STATE AGENCY FOR SERVICES RENDERED, COULD NOT BE USED BY THE STATE AGENCY TO FUND THE EMPLOYMENT CONTRACT IN QUESTION. BUT COULD OTHER FUNDS OF A POLITICAL SUBDIVISION, NOT TIED TO A STATE APPROPRIATION, BE USED TO FUND THE EMPLOYMENT CONTRACT?
ATTORNEY GENERAL OPINION NO. 87-040 (COPY ENCLOSED) DISCUSSES AT PAGE 76 THE CASE OF SETTLES V. BOARD OF ED. OF DEPENDENT SCH. DIST. NO. D-38, 389 P.2D 356 (OKL. 1964). IN SETTLES, A LEGISLATOR WHO WAS ALSO EMPLOYED BY A SCHOOL DISTRICT AS A TEACHER, SOUGHT COMPENSATION UNDER HIS EMPLOYMENT CONTRACT WITH THE DISTRICT. THE COURT FOUND THAT THE LEGISLATOR TEACHER'S CONTRACT WOULD HAVE BEEN VOID AND UNENFORCEABLE DUE TO A LACK OF FUNDING HAD THE LEGISLATURE NOT MADE STATE FUNDS AVAILABLE TO THE DISTRICT. BECAUSE THE CONTRACT WAS THUS DEPENDENT UPON STATE MONIES FOR ITS VIABILITY, THE COURT HELD, THE PROHIBITIONS OF ARTICLE V, SECTION 23 WOULD BE VIOLATED IF THE LEGISLATOR-TEACHER WERE PAID UNDER THE TEACHING CONTRACT.
THE COURT ALSO HELD THAT IF THE LEGISLATOR-TEACHER ELECTED TO CONTINUE BOTH HIS POSITION AS A PUBLIC SCHOOL TEACHER AND HIS POSITION AS A LEGISLATOR, SUBSEQUENT APPROPRIATIONS FOR STATE AID MADE BY THE LEGISLATURE WOULD "INVALIDATE ANY SUBSEQUENT SCHOOL TEACHING CONTRACT OF HIS WHICH DEPENDS UPON STATE AID FOR ITS VALIDITY." 389 P.2D AT 361.
IN THIS SAME VEIN, A.G. OPINION NO. 74-166, HELD THAT ARTICLE V, SECTION 23 IS NOT VIOLATED WHEN AN OTHERWISE PROFESSIONALLY QUALIFIED LEGISLATOR-PUBLIC ACCOUNTANT CONTRACTS WITH AND PERFORMS AN ANNUAL AUDIT FOR AN OKLAHOMA SCHOOL DISTRICT, IF HE IS PAID FROM A SPECIAL AUDIT FUND CONSISTING SOLELY OF NON-STATE APPROPRIATED MONIES. A COPY OF THAT OPINION IS ENCLOSED FOR YOUR FURTHER INFORMATION.
IT THUS APPEARS THAT UNDER APPROPRIATE CIRCUMSTANCES A FORMER LEGISLATOR COULD BE EMPLOYED BY A STATE AGENCY DURING THE TERM FOR WHICH HE WAS ELECTED OR WITHIN TWO YEARS THEREAFTER, IF THE FUNDING FOR THE EMPLOYMENT CONTRACT IS WHOLLY SEPARATE FROM FUNDS OBTAINED BY THE AGENCY FROM THE STATE (AND THE EMPLOYMENT CONTRACT WAS NOT OTHERWISE AUTHORIZED BY LEGISLATIVE ENACTMENT DURING THE TERM FOR WHICH THE LEGISLATOR WAS ELECTED). FUNDING COULD THUS BE OBTAINED EITHER THROUGH FEDERAL FUNDS OR FUNDS OF A POLITICAL SUBDIVISION PAID TO THE STATE AGENCY FOR SERVICES RENDERED.
(SUSAN BRIMER LOVING)